CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 2 4 2015

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

MICHAEL A. ELKIN,          )     Civil Action No. 7:15-cv-00385
     **Plaintiff,**          )
                    )
**v.**                    )     <u>**ORDER**</u>
                    )
**J. W. HORTON, <u>et al.</u>,**     )     **By:**   **Hon. Michael F. Urbanski**
     **Defendants.**         )          **United States District Judge**

Michael A. Elkin, a Virginia inmate proceeding <u>pro se</u>, commenced this action in June 2015 and requested leave to proceed <u>in forma pauperis</u>. The court conditionally filed the action and ordered Plaintiff to properly document his <u>in forma pauperis</u> application, pursuant to 28 U.S.C. § 1915(a), within ten days. By Memorandum Opinion and Order entered on August 17, 2015, the court dismissed the action without prejudice because Plaintiff failed to comply with the order to file the necessary financial information. Presently before the court is Plaintiff's motion for reconsideration, in which Plaintiff admits he withheld filing the financial documents so he could file prison grievances.

Plaintiff's motion for reconsideration of the dismissal order is **DENIED**. First, Plaintiff admits to flagrantly disregarding the court's deadline so he could complete administrative remedies. Plaintiff is not entitled to special consideration to excuse his failure to follow a "straightforward procedural requirement[] that a lay person can comprehend as easily as a lawyer." <u>Jourdan v. Jabe</u>, 951 F.2d 108, 109 (6th Cir. 1991); <u>see</u> <u>Ballard v. Carlson</u>, 882 F.2d 93, 96 (4th Cir. 1989) (stating that <u>pro se</u> litigants are "subject to the time requirements and respect for court orders without which effective judicial administration would be impossible"); <u>McDonald v. Head Criminal Ct. Supervisor Officer</u>, 850 F.2d 121, 124 (2d Cir. 1988) ("[W]hile <u>pro se</u> litigants may in general deserve more lenient treatment than those represented by counsel,

all litigants, including pro ses, have an obligation to comply with court orders. When they flout that obligation they, like all litigants, must suffer the consequences of their actions."). Second, Plaintiff is required to exhaust administrative remedies <u>before</u> filing a complaint. 42 U.S.C. § 1997e(a).

Inasmuch as Plaintiff asks the court to refile the action, the Clerk **SHALL** set up a new civil action using Plaintiff's newer complaint and exhibits filed at docket entry eight. The Clerk shall also send a copy of this Order to Plaintiff.

It is so **ORDERED**.

**ENTER**: This _____ day of September, 2015.

/s/ Michael F. Urbanski

United States District Judge

2